```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
                          RENO, NEVADA
```

GENERADORES MEXICANOS, S.A. DE C.V., )   3:07-CV-079-ECR-VPC
a Mexican corporation               )
                                    )   MINUTES OF THE COURT
        Plaintiff,                  )
                                    )   DATE: September 1, 2009
vs.                                 )
                                    )
HESS MICROGEN, LLC, a Delaware limited )
liability company, and HESS CORPORATION,)
a Delaware corporation,             )
                                    )
        Defendants.                 )
_____)

PRESENT:     EDWARD C. REED, JR.                 U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN         Reporter:     NONE APPEARING

Counsel for Plaintiff(s)                NONE APPEARING

Counsel for Defendant(s)                NONE APPEARING

MINUTE ORDER IN CHAMBERS

       The parties in this case have reached a full and final settlement of this action, but have been unable to agree on a stipulation for dismissal. The dispute centers on whether the stipulation for dismissal should include a clause whereby the Court would retain jurisdiction for purposes of enforcing the settlement agreement.

       Pursuant to our request, a copy of the settlement agreement has been filed in the case. (#116.) The parties' "Agreement" includes a document titled "Settlement and Compromise Agreement," as well as a document titled "Addendum to Settlement and Compromise Agreement."

       Paragraph 6 of the "Settlement and Compromise Agreement" is the release of claims portion of the parties' Agreement; Paragraph 6(b) provides that the only claims the parties may bring against one another are claims for breach of the Agreement, and Paragraph 6(c) provides that the parties waive their rights under Cal. Civ. Code § 1542, so that the parties' mutual release would extend to all other claims, both known and unknown. Paragraph 9 of the "Settlement and Compromise Agreement" states in relevant part that the "Agreement is intended to be enforceable by the Court and the Parties agree that the Court shall retain jurisdiction for that purpose after dismissal of the action."

Paragraph 9(k) of the "Addendum to Settlement and Compromise Agreement," however, provides as follows: "Notwithstanding Paragraphs 6(c) and 9 of the Settlement and Compromise Agreement, the 'Agreement' shall be governed by and construed in accordance with the laws of Nevada, without giving effect to the conflict of laws rules thereof.  Any action brought to enforce the terms of the 'Agreement' shall be brought in the State or Federal courts located in Reno, Nevada."

Plaintiff apparently reads Paragraph 9(k) of the "Addendum to Settlement and Compromise Agreement" as abrogating Paragraph 9 of the "Settlement and Compromise Agreement," so that this Court should relinquish jurisdiction and any action to enforce the parties' Agreement would have to be brought as a separate action.  Defendants disagree, construing Paragraph 9(k) as specifying that if the parties should choose to enforce the settlement agreement in a separate action, such an action would have to be brought in a Reno court.  On Defendants' view, Paragraph 9 of the "Settlement and Compromise Agreement" would remain in force, so that this Court would also retain jurisdiction to enforce the parties' Agreement.

Defendants have the better side of this dispute.  Plaintiff's interpretation would render the quoted portion of Paragraph 9 of the "Settlement and Compromise Agreement" a nullity; a court should not interpret a contract so as to make meaningless its provisions.  See, e.g., Phillips v. Mercer, 579 P.2d 174, 176 (Nev. 1978).  Moreover, the parties contemplated in Paragraph 8 of the "Settlement and Compromise Agreement" that additional documents would have to be entered into to "memorialize the terms" of the parties' Agreement, and provided that "[n]o additional form of agreement or release shall change any material term of this Agreement."  To read Paragraph 9(k) of the "Addendum to Settlement and Compromise Agreement" as Plaintiff proposes would conflict with Paragraph 8 of the "Settlement and Compromise Agreement."

**IT IS, THEREFORE, HEREBY ORDERED THAT**, pursuant to the parties' Settlement and Compromise Agreement and the Addendum thereto, this action is **DISMISSED** with prejudice, but the Court shall retain jurisdiction to enforce parties' Settlement Agreement.

The Clerk shall enter judgment accordingly.

LANCE S. WILSON, CLERK

By     /s/    
    Deputy Clerk